56  409
59  163

B. C. WOOD, *as Administrator of the Estate of L. R. Staudenmayer, sr., deceased,* v. R. B. DRURY *et al.*

No. 8813.

JUDICIAL SALE—*Set Aside, When.* Where interested parties attack the title of property offered at a judicial sale in such a way as to deter bidders and depress values, and where the price paid for the property is greatly inadequate, the sale should be set aside.

*Error from Atchison District Court.*

ON the application of R. B. Drury and two others, executions were issued against L. R. Staudenmayer,

sr., and another. To a judgment confirming a sale thereunder, B. C. Wood, as administrator of defendant Staudenmayer, since deceased, brings error. The opinion was filed February 8, 1896.

*C. D. Walker*, and *J. L. Berry*, for plaintiff in error B. C. Wood, as administrator; *Waggener, Horton & Orr*, of counsel.

*W. W. & W. F. Guthrie*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This proceeding is brought to review the ruling of the district court of Atchison county confirming a sale of real estate. Executions were issued upon a judgment rendered against L. R. Staudenmayer, sr., and L. R. Staudenmayer, jr., and in favor of R. B. Drury, C. J. Drury, and Robert McCrie, which judgment has just been reversed and set aside. (*Wood v. Staudenmayer*, ante, p. 399.) The executions were levied upon a quarter-section of land adjoining the city of Atchison and upon three lots in that city. The land was sold for $3,200, and, according to most of the testimony offered on the motion to confirm, it was worth more than double that amount, and the city lots brought only a small part of their actual value. The plaintiffs below, who were the judgment creditors, attended the sale, and it appears that two of them openly stated to those in attendance that there was a mortgage for a large sum upon the property, and in that way to some extent discredited the title to the property offered. This conduct was irregular, and may have affected the price paid for the property. It had then been adjudged that the mortgage to which they referred had been paid and discharged; and, while there was some

competition at the sale, the attack upon the title probably chilled the sale, and conduced to the inadequacy of the prices offered. On account of this action, which would naturally deter bidders and depress values, together with the great inadequacy of the prices paid for the property, we think the sale should have been vacated. The rule is that great inadequacy of price is a circumstance which courts will always regard with suspicion, and in such cases slight additional circumstances only are required to authorize the setting aside of the sale.

The orders of the court refusing to set the sale aside and in confirming the same will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.