SUSIE EVANS *et al.* v. JOSEPH BUSHNELL *et al.*

No. 10495.

SHERIFF'S RETURN OF ORDER OF SALE—*omitting to show due notice, though shown by printer's affidavit, and price wholly inadequate, error to confirm sale.* A return of a sheriff on an order for the sale of land, which fails to show that notice of the sale for the time and in the manner required by law was duly given, is irregular, and the irregularity is not entirely cured by an accompanying affidavit of the printer showing the essential facts omitted from the return. Where the sale was made at a wholly inadequate price, it is error to confirm it on such a defective return. [Johnston, J., dissenting.]

Error from Shawnee District Court. Z. T. Hazen, Judge. Opinion filed March 5, 1898. *Reversed.*

*C. M. Foster* and *Harry L. Heald*, for plaintiffs in error.

*Fuller & Whitcomb*, for defendants in error.

ALLEN, J.   The questions for consideration in this case arise on an order confirming a sale of real estate. Joseph Bushnell and William G. Warden, as executors of the will of Daniel Bushnell, recovered a judgment against the plaintiffs in error for $6997, and for the foreclosure of a mortgage on three lots in the City of Topeka.   After the expiration of the stay provided for in the judgment, an order of sale was issued, under which the property was sold to the defendant in error, John Bushnell, for the sum of $6000.   Motions were made to confirm and to set aside the sale.   On the hearing of these motions, the order of sale with the sheriff's return thereon was introduced in evidence.   The return reads : "On the twentieth day of September, A. D. 1895, I caused a notice to be published in the Topeka *Mail*, a weekly newspaper printed in said county of Shawnee  .  .  . that I would offer the said premises for sale at the front door of the court house, in the City of Topeka, Shawnee County, Kansas, on the 21st day of October, A. D. 1895, at 10 o'clock A. M.," etc.   Attached to the sheriff's return was an affidavit of the publisher of the Topeka *Mail*, showing due publication of the notice of sale in each issue of the paper prior to the day of sale.   Affidavits were read in evidence by the defendants showing that on the lots which were sold there was a two-story brick-and-stone building 72 feet front, 65 feet deep, with a basement, divided into three tenements ; that these tenements rented for a time at the rate of $1800 a year, and, for the three years next preceding the sale,

11—59 KAN.

at $1120 a year. Various witnesses fixed the value of the property at from twelve to sixteen thousand dollars. Against this showing, there was no evidence of value except the price obtained by the sheriff at the sale under consideration. The property was sold in September, 1893, for taxes, which, at the time of the confirmation, amounted, with subsequent taxes, to somewhere near a thousand dollars. The purchaser waived his right to have these taxes paid out of the proceeds. The confirmation was resisted on the grounds that the sheriff's return was irregular and that the price for which the property sold was inadequate. The district court confirmed the sale without requiring any amendment of the return.

The sheriff's return fails to show that the notice of sale was published more than once. It merely shows a publication on the twentieth day of September. The return of a sheriff should show what he has done in an execution of the writ, and in case of a sale of real estate, it should show that every step has been taken in the manner the law provides. This return is defective. It has been held in some states that a sheriff's return cannot be supplemented by extrinsic evidence. *Rand v. Cutler*, 155 Mass. 451; Murfree on Sheriffs, § 857. This court, however, seems to have taken the other view in the cases of *Thompson v. Higginbotham*, 18 Kan. 42, *Lamme v. Schilling*, 25 id. 92. This is not a collateral attack, in which all presumptions would be favorable to the order of the court, but it is a challenge of the proceedings of the officer at the proper time. The proof shows that the property was sold at less than half its value. Where the purchaser under such a sale would hold property worth more than twice the price paid by him, he stands on his strict legal rights. If there be any flaw in the proceedings his purchase fails. The defective return

of the officer, coupled with the inadequate price, afford sufficient grounds for setting aside the sale. *Jones v. Carr*, 41 Kan. 329, 21 Pac. 258 ; *Means v. Rosevear*, 42 Kan. 377, 22 Pac. 319 ; *Wood v. Drury*, 56 Kan. 409, 43 Pac. 763.

The order of the District Court confirming the sale is reversed, and the cause remanded with directions to set the sale aside.

Doster, C. J., concurring.

JOHNSTON, J. (dissenting.) In my view, the return shows that the notice of sale was published thirty days before the sale occurred. It is not contended that the notice was not in fact published as the statute requires, but only that it does not appear from the sheriff's return itself. The record, however, does not bear out this contention. It contains an affirmative statement that, attached to the order of sale as returned, "and as a part of the sheriff's return, was an affidavit in words and figures following, to wit." Then follows the affidavit of the publisher that the notice was published for five consecutive weeks, beginning September 20, 1895, ending October 18, 1895. This statement in the record stands uncontradicted, and therefore it must be taken that the affidavit is a part of the sheriff's return. If there was a question of dispute as to the return, the testimony of the publisher would be the highest and best evidence as to the time and manner of giving notice. It further appears that the printer's affidavit, with copy of notice attached, was given in evidence at the hearing of the motion to confirm. If the sheriff's return had been incomplete, it might have been supplemented by proof, as was done in this case; and when it was proved that the notice had been given and the sale

had been made in conformity to law, it was the duty of the trial court to confirm the sale. (*Thompson v. Higginbotham*, 18 Kan. 42; *Lamme v. Schilling*, 25 id. 92.)